**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Pamela STONE, Defendant—Appellant.**

No. 03–30113.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

Michael Fica, Pocatello, ID, for Plaintiff–Appellee.

Teresa A. Hampton, Esq., Boise, ID, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

### MEMORANDUM **

Pamela Louise Stone appeals her conviction and 135–month sentence for conspiracy to manufacture methamphetamine, distribution to a person under 21 years old and distribution within a protected location, in violation of 21 U.S.C. §§ 841(a), 846, 859 and 860. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Stone contends that the district court erred in using U.S.S.G. § 2D1.11 (precursor chemicals) to determine her base offense level for sentencing. Because the district court determined that the amount of controlled substance seized did not reflect the scale of the offense, it was required to approximate the quantity of the controlled substance. *See* U.S.S.G. § 2D1.1, cmt. n. 12. The district court did not err by using U.S.S.G. § 2D1.11 as part of its methodology for approximating the drug amount because all of the *Culps* criteria were satisfied. *See United States v. Culps*, 300 F.3d 1069, 1076–81 (9th Cir. 2002) (stating that when a district court approximates drug quantity it must error on the side of caution, rely upon information that has a sufficient indicia of reliability and conclude that the defendant is more likely than not responsible for at least the quantity approximated).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.